```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      CHARLESTON
```

**STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, an Ohio Company,**

    **Plaintiff,**

v.                                    Case No. 2:06-cv-00630

**DENVER DAVIS, EDDIE DAVIS, and FILTER SERVICES INTERNATIONAL, INC., a West Virginia Corporation,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiff's Motion to Compel, filed June 18, 2007 (docket # 36). Defendants responded on July 12, 2007 (docket # 37), and Plaintiff replied on July 17, 2007 (docket # 42).

In the Motion, Plaintiff State Automobile Mutual Insurance Company ("State Auto") requests an order compelling Defendants to answer Plaintiff's First Set of Interrogatories to Defendants and respond to Plaintiff's First Request for Production of Documents. (Motion at 3.) In the Reply, Plaintiff admits that on July 16, 2007, "Defendants provided a copy of their response to Plaintiff's First Set of Interrogatories." (Reply at 2.) Plaintiff does not allege that Defendant's interrogatory answers are evasive or incomplete. *See Fed. R. Civ. Pro.* 37(a)(3). Furthermore, Plaintiff has narrowed the relief it is seeking to an order "requiring

Defendants to provide the information requested in Plaintiff's Request for Production." (Reply at 3.) Accordingly, Plaintiff's Motion to Compel is **DENIED** as moot insofar as it concerns Defendants' answers to Plaintiff's First Set of Interrogatories to Defendants.

The remainder of the Motion concerns Plaintiff's First Set of Request for Production to Defendants, served on Defendants on March 21, 2007 (Motion, Exh. B) and Defendants' Response to those requests (Motion, Exh. E), served on Plaintiff by hand delivery on May 15, 2007.(Response at 2.) Plaintiff's requests specify documents from the discovery phase of civil action number 06-C-79, styled *Bailey, et al. v. Davis, et al.,* in the Circuit Court of Nicholas County. (Reply, Exh. B.) *Bailey v. Davis,* a personal injury action which settled prior to trial (Motion at 3), is the underlying action to the instant declaratory judgment action. (Complaint at 2-4.) In particular, Plaintiff asked Defendant to produce the following documents from *Bailey v. Davis*: (1) copies of all discovery requests, including interrogatories, request for production, and requests for admission served by both parties; (2) copies of plaintiffs' responses to defendants' discovery requests; (3) copies of defendants' responses to plaintiffs' discovery requests; and (4) copies of deposition transcripts, including exhibits. (Motion, Exh. B.)

Defendants objected to each of Plaintiff's requests for

2

production on the grounds that the documents identified therein are covered by an Agreed Protective Order of Discovery Responses entered in *Bailey v. Davis* on August 18, 2006, by the Honorable Gary L. Johnson. (Motion, Exh. E; Reply, Exh. A.) The protective order states that "the discovery responses in the above referenced case be, and they hereby are, protected, and all such responses are to be treated as proprietary and confidential, not to be disclosed, without prior Order of this Court, to anyone other than the parties to this case, or the parties' attorneys." (Reply, Exh. A at 2.)

Plaintiff argues that Defendants' objections to Plaintiff's requests for production were untimely and lack merit. (Reply at 2.) Defendants argue that the protective order in the underlying case bars discovery of the requested documents in the case *sub judice*. (Response at 1.) The court agrees.

In *SRS Technologies, Inc. V. Physitron, Inc.*, 216 F.R.D. 525 (N.D. Ala. 2003), the court quoted Professor Arthur Miller's discussion of why courts should be hesitant to modify a protective order after disclosures have been made:

> Beyond unfairness to particular parties is the reality that, the more readily protective orders are destabilized, the less confidence litigants will have in them. If protective orders are not reliable, people will be more likely to contest discovery requests when private or commercially valuable data is involved. *A protective order can be effective as a management tool and as a mechanism for preventing discovery abuse **only** if parties believe it is credible.* If the parties know that the protective order can be abrogated easily, cooperation in discovery would be compromised and one significant incentive to settle would be reduced. Thus, unless strong

3

>  evidence exists that a litigant did not rely on the existence of a protective order during discovery (for example, when the party continued to resist reasonable discovery requests) or that no legitimate interest exists in maintaining confidentiality, the balancing of the competing values that led the initial trial court to issue the order should not be undermined in a later proceeding. *The reality seems obvious: for protective orders to be effective, litigants must be able to rely on them.*

Id. at 529 (quoting Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access to the Courts*, 105 Harv. L. Rev. 427, 499-501)(1991)(emphasis added); *accord Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 535 (1st Cir. 1993)("[T]he lubricating effects of the protective order on pre-trial discovery would be lost if the order expired at the end of the case or were subject to ready alteration." Here, the evidence does not warrant undermining the protective order issued by Judge Johnson in the underlying case. The court concludes that the discovery documents requested by Plaintiff, including the deposition transcripts, are encompassed by the term "discovery responses" in Judge Johnson's protective order. *See Dev Industries, Inc. v. Rockwell Graphic Systems*, No. 91C7197, 1992 WL 100908, *2 (N.D. Ill. May 4, 1992)(unreported) ("While the phrase 'deposition' is not mentioned in the protective order, the terms 'responses' and 'other information' clearly encompass deposition testimony given during the course of discovery.") Therefore, in the interests of fairness, preserving the reliability of protective orders, and upholding the principle of comity, the court declines to order production of documents covered by the

protective order in *Bailey v. Davis*. Accordingly, the Plaintiff's Motion to Compel is **DENIED** insofar as it concerns Defendants' responses to Plaintiff's First Set of Request for Production to Defendants. Any request to modify an order entered by the Circuit Court of Nicolas County should be addressed to that court.

The parties shall bear their own costs associated with this Motion.

The Clerk is directed to transmit a copy of this Memorandum Opinion and Order to counsel of record.

ENTER: September 7, 2007

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge

5